UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KORAN CHAMBERS,

           *Plaintiff,*

   – against –

WENDY STYNES,

           *Defendant.*

**MEMORANDUM & ORDER**
25-cv-02524 (NCM) (CHK)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Koran Chambers, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Wendy Stynes[1] seeking damages in connection with his state court criminal proceedings. Before the Court is defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim. *See* Mot. for Pre Mot. Conference ("Mot."), ECF No. 8. For the reasons stated below, defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff was indicted in the Criminal Court of the City of New York, Queens County, for two counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two vehicle-related charges. *See* Compl. 5,[2] ECF No. 1; *see also New York v. Chambers*, No. 24-cv-00641, 2024 WL 4252044, at

---

[1] Wendy Stynes was incorrectly spelled in the complaint as "Windy Stynes." Mot. 1 n.1. The Clerk of Court is respectfully directed to amend the caption of the case as above.

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

*1 (E.D.N.Y. Sept. 20, 2024). Plaintiff filed a petition pursuant to Article 78 of the N.Y. C.P.L.R. seeking to "prevent" his criminal case from proceeding on the grounds that he was indicted in violation of various provisions of the C.P.L.R. and on the basis of perjury. *See* Compl. 5. In conjunction with the Article 78 petition, plaintiff filed a request for an order to show cause ("OTSC") and a temporary restraining order ("TRO"). *See* Compl. 5. The "application was submitted to a single [j]ustice, who refused to sign [plaintiff's] proposed order." Compl. 5. Soon thereafter plaintiff returned to the courthouse with an application for reargument on the court's denial of the proposed OTSC and TRO. Compl. 5. Defendant, a deputy court clerk, "refused to accept" plaintiff's application and informed him that he needed to "file an entirely new petition." Compl. 5.

On May 6, 2025, plaintiff filed the instant action bringing First and Fourteenth Amendment claims against defendant. Compl. 4. Specifically, plaintiff alleges that defendant's conduct violated his rights to due process and equal protection, and that her conduct abridged his "guarantee[d] access to the courts." Compl. 4. Plaintiff seeks compensatory and punitive damages for "[s]evere mental and emotional trauma, pain and anguish resulting from being illegally denied access to the [c]ourt[.]" Compl. 6.

On June 23, 2025, defendant filed a request for a pre-motion conference in anticipation of a motion to dismiss plaintiff's complaint, or, in the alternative, that the Court "accept th[e] letter in lieu of a noticed motion[.]" *See* Mot. 1. Plaintiff failed to serve and file a response within seven days of defendant's letter as required by the Court's Individual Practice Rules. Accordingly, the Court directed plaintiff to file a response by July 24, 2025, and also notified the parties that the Court may "exercise its discretion to convert the parties' pre-motion conference letters into the motion itself." ECF Order dated July 15, 2025. Plaintiff failed to file a response letter, and defendant requested that the

Court consider her pre-motion letter "on the merits as unopposed" in light of plaintiff's "ample" time to respond. Def.'s Letter dated Sept. 8, 2025, ECF No. 9. The Court then directed plaintiff to file a response by September 16, 2025, and warned plaintiff "that failure to comply with th[e] Order may result in sanctions, including deeming his opposition to defendant's pre-motion letter waived." ECF Order dated September 9, 2025. To date, plaintiff still has not filed a response letter. Accordingly, the Court construes defendant's pre-motion letter as the motion itself and deems plaintiff's opposition to the motion waived.[3]

## LEGAL STANDARD

Pursuant to Rule 12(b)(1), a case is properly dismissed "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).[4] Subject matter jurisdiction is "not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true,

---

[3] Although the Court may not prevent a party from filing a motion, courts within the Second Circuit recognize that "a district court may construe a pre-motion conference letter as a motion itself." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-01254, 2021 WL 1172265, at *2 (S.D.N.Y. Mar. 29, 2021); *see also Ravikant v. Alukal*, No. 21-cv-04758, 2022 WL 2185218, at *2 (S.D.N.Y. May 19, 2022) ("[A] district court may construe a pre-motion conference letter as a motion itself. In determining whether a [c]ourt properly construed letters as a motion, courts consider whether the parties' filings are sufficiently detailed and whether the parties have had an opportunity to be heard."); *cf. Marsalisi v. N.Y.C. Dist. Council of Carpenters & Joiners of Am.*, No. 22-1097, 2023 WL 176958, at *1 (2d Cir. Jan. 13, 2023) (summary order) ("Because the district court did not give notice to the parties that it was considering dismissal based on the pre-motion letters, it erred.").

[4] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

When deciding a motion to dismiss, a district court must "accept[] all factual claims in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Lotes Co. v. Hon Hai Precision Indus. Co.*, 753 F.3d 395, 403 (2d Cir. 2014). Factual disputes are typically not the subject of the Court's analysis, as Rule 12 motions "probe the legal, not the factual, sufficiency of a complaint." *Plastic Surgery Grp., P.C. v. United Healthcare Ins. Co. of N.Y., Inc.*, 64 F. Supp. 3d 459, 468–69 (E.D.N.Y. 2014). That is, the "issue" on a motion to dismiss "is not whether a plaintiff will ultimately prevail" but instead whether a plaintiff is "entitled to offer evidence to support the claims." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012).

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Although the Court takes all factual allegations contained in the complaint as true, it does not do so for legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" in a complaint. *Iqbal*, 556 U.S. at 678.

The Court holds a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The pleadings and allegations of pro se plaintiffs

4

must be construed liberally and to "raise the strongest arguments that they suggest." *Galanova v. Portnoy*, 432 F. Supp. 3d 433, 439 (S.D.N.Y. 2020); *see also Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Still, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the Court may not "invent factual allegations that [a plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

## DISCUSSION

Defendant argues that dismissal is appropriate on at least two grounds. First, to the extent that plaintiff asserts liability against defendant in her official capacity, she is shielded by sovereign immunity. Mot. 2. Second, to the extent that plaintiff asserts liability against defendant in her individual capacity, she is entitled to quasi-judicial immunity. Mot. 2. The Court addresses each argument in turn.

### I. Sovereign Immunity

States are immune from suit under the Eleventh Amendment unless the state consents to be sued or Congress has created an exception to sovereign immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Sovereign immunity extends to "state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The New York State Unified Court System "is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Id.* at 368. Moreover, for purposes of sovereign immunity, "state agents" include "state court judges and personnel" sued for damages in their official capacities. *Infurna v. N.Y. Unified Ct. Sys.*, No. 09-cv-04041, 2012 WL 13042025, at *2 (E.D.N.Y. Apr. 23, 2012).

5

Plaintiff does not allege that the State of New York consented to be sued or that Congress created an exception to sovereign immunity that would allow him to bring suit against defendant. And plaintiff's claims are premised on defendant's actions taken pursuant to her official duties, namely, her alleged mismanagement of plaintiff's application for reargument. *See* Compl. 5. Therefore, defendant is protected by sovereign immunity and plaintiff's claims against defendant in her official capacity are barred by the Eleventh Amendment. *See Irazu v. Sainz De Aja*, No. 23-cv-702, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (summary order) ("As a judicial employee, [the defendant] is protected in his official capacity by Eleventh Amendment immunity."); *see also Davis v. Gillespie*, No. 22-cv-06207, 2023 WL 5002553, at *1, 4 (E.D.N.Y. Aug. 4, 2023) (dismissing claims against "members of New York State's unified court system," including an "[a]ssociate [d]eputy [c]lerk at the New York State Appellate Division" as "barred by the Eleventh Amendment") (collecting cases).

## II. Quasi-Judicial Immunity

To the extent that plaintiff brings claims against defendant in her individual capacity, such claims are foreclosed by the doctrine of quasi-judicial immunity. Judges normally have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). This immunity extends to the actions of court staff, such as court clerks, assisting judges in carrying out their judicial functions. *See Humphrey v. Internal Revenue Serv.*, No. 22-cv-1052, 2022 WL 17728194, at *2 (2d Cir. Dec. 16, 2022) (summary order) ("[C]lerks of court are entitled to absolute immunity for performance of tasks which are judicial in nature and an integral part of the judicial process."); *see also Bey v. New York*, No. 11-cv-03296, 2012 WL 4370272, at *7 (E.D.N.Y. Sept. 21, 2012) ("[I]t is well established that

6

the clerk of the court and deputy clerks are shielded by an absolute quasijudicial immunity[.]"). And quasi-judicial immunity bars claims against judicial staff in their individual capacities. *See McKnight v. Middleton*, 699 F. Supp. 2d 507, 523–26 (E.D.N.Y. 2010); *see also Kuck v. Danaher*, 822 F. Supp. 2d 109, 147 (D. Conn. 2011) ("Quasi-judicial immunity should only extend to claims against defendants sued in their individual and not official capacities.").

Plaintiff's claims against defendant are barred by quasi-judicial immunity because he seeks redress for defendant's actions which were "judicial in nature and an integral part of the judicial process." *Humphrey*, 2022 WL 17728194, at *2. Specifically, plaintiff's claims are based on defendant's purported refusal to accept his application for reargument, and her direction that plaintiff needed to file a new petition "in order for [his] reargument to be heard[.]" Compl. 5. Managing docketing and filing activity are plainly "judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Pikulin v. Gonzales*, No. 07-cv-00412, 2007 WL 1063353, at *2 (E.D.N.Y. Apr. 5, 2007) (concluding that "the [c]lerk's [o]ffice activities of filing and docketing legal documents . . . constitute[d] an integral part of the judicial process and [we]re therefore shielded from liability by absolute judicial immunity"); *Bey*, 2012 WL 4370272, at *7 (finding claims based on the court clerks' "refus[al] to file" the plaintiff's filing and failure to "provide [the plaintiff] with a copy of the entire court file upon request" were barred by quasi-judicial immunity and observing that "[c]ourts have found similar actions by court clerks to be shielded by absolute quasi-judicial immunity") (collecting cases). Therefore, because defendant is entitled to quasi-judicial immunity,

7

plaintiff's claims against defendant in her individual capacity must be dismissed. *See Foy v. N.Y. State Unified Ct. Sys.*, 740 F. Supp. 3d 136, 151 (E.D.N.Y. 2024).[5]

\* \* \*

Because plaintiff's claims are precluded by sovereign and quasi-judicial immunity, the complaint must be dismissed. Moreover, because the defects in plaintiff's complaint are substantive, the Court finds that amendment would be futile and plaintiff is denied leave to amend. *See Jeannot v. N.Y. State*, 762 F. Supp. 3d 217, 234 n.7 (E.D.N.Y. 2025) ("[B]ecause the [c]ourt has determined that the . . . [p]laintiffs' claims . . . are barred by Eleventh Amendment immunity, the proposed amendment would be futile.") (collecting cases); *see also Best v. Schneider*, No. 12-cv-06142, 2015 WL 5567062, at \*25 (E.D.N.Y. Sept. 21, 2015) ("[W]here [p]laintiff's claims . . . are barred by quasi-judicial immunity, leave to amend would be futile.").

---

[5] In light of the Court's conclusion that plaintiff's claims are barred by sovereign and quasi-judicial immunity, it does not address defendant's other arguments for dismissal. *See Bey*, 2012 WL 4370272, at \*8; *see also Thurmand v. Univ. of Conn.*, No. 18-cv-01140, 2019 WL 1763202, at \*8 (D. Conn. Apr. 22, 2019).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is hereby dismissed. Although plaintiff paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, denies plaintiff in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close the case, and mail a copy of this Order to plaintiff and note the mailing on the docket.

**SO ORDERED.**

                                             */s/ Natasha C. Merle*
                                             NATASHA C. MERLE
                                             United States District Judge

Dated:       October 14, 2025
                Brooklyn, New York