UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KORAN CHAMBERS,

*Plaintiff,*

– against –

WENDY STYNES,

*Defendant.*

---

**MEMORANDUM & ORDER**
25-cv-02524 (NCM) (CHK)

---

**NATASHA C. MERLE**, United States District Judge:

Before the Court is pro se plaintiff Koran Chambers's motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b) or, in the alternative, motion to reopen the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a). Mot. to Vacate J. & Restore Case Calendar & Reopen Time to File Notice of Appeal ("Motion"), ECF No. 12. For the reasons stated below, plaintiff's motion is **DENIED**.

## BACKGROUND

The Court assumes familiarity with the underlying facts of plaintiff's claims. *See* Memorandum & Order ("Order") 1–3,[1] ECF No. 10.

On June 23, 2025, defendant requested a pre-motion conference ("PMC") in anticipation of a motion to dismiss plaintiff's complaint. Mot. for PMC, ECF No. 8. Plaintiff failed to respond within the time alloted pursuant to the Court's Individual Practice Rules, and again failed to respond after the Court sua sponte extended plaintiff's

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

deadline. *See* ECF Order dated July 15, 2025. The Court warned plaintiff that it "may exercise its discretion to convert the parties' pre-motion conference letters into the motion itself." ECF Order dated July 15, 2025. Two months later—after plaintiff still failed to comply with the Court's orders—defendant requested that the Court consider her pre-motion letter "on the merits as unopposed." Def.'s Letter dated Sep. 8, 2025, ECF No. 9. The Court again extended plaintiff's time to respond, and warned plaintiff that the "failure to comply with th[e] [o]rder may result in sanctions, including deeming his opposition to defendant's pre-motion letter waived." ECF Order dated Sep. 9, 2025. Plaintiff failed to file a response to defendant's pre-motion letter.

On October 14, 2025, pursuant to its previous orders, the Court converted defendant's request for a pre-motion letter into the motion itself, granted the motion, and dismissed plaintiff's complaint. Order 2–3, 9. The Court directed the Clerk of Court to "enter judgment, close the case, and mail a copy of th[e] Order to plaintiff and note the mailing on the docket." Order 9. A copy of the Order was mailed to plaintiff's address listed on the docket the same day. *See* ECF Order dated Oct. 14, 2025. On October 27, 2025, the Clerk of Court entered judgment against plaintiff. Clerk's J. ("Judgment"), ECF No. 11. A copy of the Judgment and an appeals packet were again mailed to the address listed on the docket.

Plaintiff filed the instant Motion approximately three and a half months later. *See* Mot. In connection with the Motion, plaintiff filed an affirmation attesting that: (1) he was imprisoned in a state correctional facility beginning July 1, 2025; (2) he was transferred between correctional facilities between October 2025 and January 2026; (3) the address

listed on the docket was his residential address;[2] (4) he did not have access to PACER or ECF while in state custody; and thus (5) he did not receive any filings or Court orders. Mot. 7 ("Chambers Aff.") ¶¶ 2–6, ECF No. 12. Plaintiff further attests that he "first learned of the [Court's] dismissal on February 17, 2026 when [he] was informed of it by . . . a legal assistant." Chambers Aff. ¶ 8. Plaintiff promptly filed the instant Motion, requesting that the Court vacate the Judgment or, in the alternative, reopen his time to file a notice of appeal. *See* Mot. Defendant filed an opposition to plaintiff's Motion. *See* Mem. of Law in Opp'n to Mot. ("Opp'n"), ECF No. 13.

## LEGAL STANDARD

### I.    Federal Rule of Civil Procedure 60(b)

A motion to vacate a judgment is "addressed to the discretion of the [d]istrict [c]ourt." *Brown v. Webber*, No. 18-cv-09618, 2022 WL 1124901, at *2 (S.D.N.Y. Apr. 14, 2022) (citing *Schwarz v. United States*, 384 F.2d 833, 835 (2d Cir. 1967)).[3] The moving party bears the burden of demonstrating that it is entitled to relief, and courts "generally require that the evidence in support of the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). A Rule 60(b) motion is neither a substitute for appeal, nor a vehicle to "relitigate issues already decided." *Maldonado v. Loc. 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (summary order); *see*

---

[2]    A review of the docket in this case indicates that plaintiff still has not updated his address. Accordingly, the Clerk of Court is respectfully directed to update plaintiff's mailing address on the docket as follows: Koran Chambers (DIN 25B2900), Clinton Correctional Facility, P.O. Box 2001, Dannemora, NY 12929. *See* Mot. 6.

[3]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

*also Comptex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986). Indeed, Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). Still, pro se litigants "are afforded a special solicitude," and "submissions drafted by pro se litigants must be read to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-cv-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018) (first quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010); and then quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).

Rule 60(b) sets forth six bases upon which a Court may vacate a judgment. *See* Fed. R. Civ. P. 60(b); *see also Brown*, 2022 WL 1124901, at *2. As relevant here,[4] such grounds include: mistake, inadvertence, surprise, or excusable neglect; that the judgment is void; and any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1), (4), (6).

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Excusable neglect under Rule 60(b) is "an elastic concept," and "has been interpreted to include the failure to comply with a filing deadline which is attributable to negligence." *Brown*, 2022 WL 1124901, at *2.

Rule 60(b)(4) provides relief from a judgment that is "void," that is, "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in two situations: where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a

---

[4] Plaintiff does not invoke the other subsections of Rule 60(b) in seeking relief. *See* Mot. 3–5.

party of notice or the opportunity to be heard." *SEC v. Romeril*, 15 F.4th 166, 171 (2d Cir. 2021); *see also Espinosa*, 559 U.S. at 270 (explaining that the "list of [fundamental] infirmities" sufficient to render a judgment void "is exceedingly short," and observing that "[a] judgment is not void, for example, simply because it is or may have been erroneous").

Rule 60(b)(6) is a "catchall provision that allows a court to provide adequate relief from a judgment or order for [any] other reason that justifies relief." *Brown*, 2022 WL 1124901, at *2 (quoting Fed. R. Civ. P. 60(b)(6)). Relief is warranted pursuant to Rule 60(b)(6) "where there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship[.]" *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986). Such "extraordinary circumstances" may include "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017).

## II.    Federal Rule of Appellate Procedure 4(a)

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district court to reopen the time to file an appeal for a period of 14 days if three requirements are met: (1) the Court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (2) the motion to reopen is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (3) the Court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see also Martinez v. Lamanna*, No. 19-cv-03348, 2021 WL 1759924, at *2 (S.D.N.Y. May 4, 2021). Rule 77(d) of the Federal Rules of Civil Procedure sets forth that "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party

who is not in default for failing to appear. The clerk must record the service on the docket."
Fed. R. Civ. P. 77(d)(1).

Rule 4(a)(6) confers discretion on the district court "to grant or deny a motion to reopen time to appeal, even if the requirements of Rule 4(a)(6) are met." *Martinez*, 2021 WL 1759924, at \*2; *see also In re WorldCom, Inc.*, 708 F.3d 327, 335 (2d Cir. 2013) ("[S]atisfaction of the three conditions of Rule 4(a)(6) is not the end of the matter. . . . [T]he rule does not require the district court to grant the relief, even if the requirements are met."). The Court must "exercise [its] discretion mindful of the purposes and structure of Rule 4(a)." *WorldCom*, 708 F.3d at 341. Specifically, courts should be mindful that the purpose of Rule 4(a)(6) "was to ease strict sanctions on litigants who had failed to receive notice of the entry of judgment in order to file a timely notice of appeal, whether the fault lay with the clerk or other factors beyond the litigants' control." *Id.* at 336. However, "[t]here is nothing in the history of the rules . . . to suggest that the drafters sought to provide relief when the fault lies with the litigants themselves." *Id.* Accordingly, "at a minimum, a district court exercising discretion under Rule 4(a)(6) should give substantial weight to indications that the failure of receipt was the litigant's fault." *Id.* at 338.

## DISCUSSION

Plaintiff seeks relief pursuant to Rule 60(b) on three grounds. First, plaintiff's "[f]ailure to respond was excusable" due to his incarceration. Mot. 3–4. Second, plaintiff's incarceration and "[m]ultiple custodial transfers" constitute exceptional circumstances warranting relief under Rule 60(b)(6). Third, plaintiff lacked actual notice and a

meaningful opportunity to be heard, and the Judgment is thus "void." Mot. 4–5. Alternatively, plaintiff requests that the Court reopen his time to appeal. Mot. 5.

### I.    Motion to Vacate

At the outset, the Court notes that plaintiff's asserted grounds for relief are premised on a misapprehension of the reason his complaint was dismissed. Plaintiff argues that dismissal of his complaint "was premised upon failure to respond" to the Court's orders and defendant's PMC letter. Mot. 4; *see also* Mot. 4 (arguing that the Court's "[d]ismissal [was] based on deemed waiver"). But the Court did not dismiss the complaint because of plaintiff's failure to respond, instead, the Court dismissed the complaint "[b]ecause plaintiff's claims are precluded by sovereign and quasi-judicial immunity." Order 8. Thus, judgment was not entered against plaintiff due to a "willful[] default," Mot. 4, rather, it was entered due to substantive defects in the complaint, *see* Order 8.

For this reason, plaintiff cannot avail himself of relief under Rule 60(b)(1) and (6). Plaintiff seeks relief under Rule 60(b)(1) due to his "excusable" neglect in failing to respond to Court orders and defendant's filings throughout the litigation. *See* Mot. 3–4. A central purpose of Rule 60(b)(1) is to "afford[] relief from a default judgment entered against a party due to its . . . excusable neglect." *United States v. Coppola*, 104 F.3d 354 (table), 1996 WL 665716, at *2 (2d Cir. Nov. 18, 1996); *see also Gesualdi v. Quadrozzi Equip. Leasing Corp.*, No. 11-cv-00115, 2016 WL 7322333, at *1 (E.D.N.Y. Dec. 15, 2016) ("Federal Rule of Civil Procedure 60(b)(1) governs motions to vacate a default judgment."). But here—unlike in the case of a default judgment—judgment was not entered against plaintiff due to his neglect to respond to court filings, rather, the complaint was dismissed due to his failure to state a plausible claim for relief. *See* Order

8. In a similar vein, plaintiff's argument that "extraordinary circumstances" warrant relief under Rule 60(b)(6) because "forces beyond [plaintiff's] control prevent[ed] [his] participation in litigation" is unavailling. Mot. 4. Plaintiff's participation in this litigation, or lack thereof, was immaterial to dismissal of his complaint because his claims are precluded by immunity doctrines, *see* Order 8, not because of the "deemed waiver" of his opposition to defendant's motion to dismiss, *see* Mot. 4. To the extent plaintiff seeks to challenge those determinations, the proper vehicle was ordinary appeal, not a Rule 60(b) motion. *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964) ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.").

Plaintiff's arguments seeking relief under Rule 60(b)(4) fare no better. Plaintiff asserts that the Judgment is "void" because he lacked "actual notice" of court filings due to his incarceration and custodial transfers. Mot. 4–5. However, plaintiff concedes that Court filings "were mailed to [his] address of record[.]" Mot. 4. Due process requires "steps reasonably calculated to provide actual notice, not that the notice actually reach the recipient." *Oneida Indian Nation v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011); *see also Coil Co. v. Weather-Twin Corp.*, 539 F. Supp. 464, 469 (S.D.N.Y. 1982) ("Due process require[s] that the form of any service be reasonably calculated to give (the defendant) actual notice of the proceedings and an opportunity to be heard."). And the Second Circuit has explained that "the mailing of a court document to the address furnished" by a litigant "is reasonably calculated to apprise the [litigant] of that document," and that "[s]uch a mailing constitutes notice sufficient to meet the requirements of due process." *Grievance Comm. v. Polur*, 67 F.3d 3, 6 (2d Cir. 1995). Therefore, by plaintiff's own admission, the necessary notice required by due process was met here. *See* Mot. 4.

Moreoever, "when a party, even a pro se litigant, changes addresses, it is that party's obligation to notify the Court of the new address." *English v. Azcazubi*, No. 13-cv-05074, 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) (collecting cases); *see also Rossman v. Stelzel*, No. 11-cv-04293, 2011 WL 4916898, at *5 (E.D.N.Y. Oct. 13, 2011) ("When a party changes addresses, it is his obligation to notify the Court of his new address. This rule applies . . . not only to represented parties but also to pro se litigants."). This obligation applies even when a pro se litigant is incarcerated. *See Booker v. Suffolk Cnty. Corr. Facility*, No. 14-cv-05204, 2020 WL 1821903, at *8 (E.D.N.Y. Feb. 13, 2020) ("Pro se litigants are obligated to notify the Court of any change of their address, and a plaintiff's incarceration does not relieve him of his obligation to notify the Court of his whereabouts."), *report and recommendation adopted*, 2020 WL 1821348 (Apr. 10, 2020); *Aponte v. Hobot*, No. 06-cv-00555, 2007 WL 9723264, at *2 (E.D.N.Y. Oct. 10, 2007) ("Although incarcerated litigants may not have control over where they are located, they certainly can control whether the Court is notified of their current location."), *report and recommendation adopted*, 2007 WL 9723265 (Nov. 19, 2007).

Plaintiff's failure to comply with his obligation to apprise the Court of his address does not render an otherwise sufficient method of providing notice of court filings and orders—and the consequent Judgment—deficient. *See Polur*, 67 F.3d at 6 (affirming Southern District of New York's rule requiring attorneys to inform the clerk of court of any change in address for communications and explaining that "[t]o the extent that the address [the attorney] had provided to the clerk of the court was incorrect or had become out-of-date, [the attorney] must bear the consequences. The court is entitled to rely on an attorney's apparent compliance with the rules of the court and to send notices to the address provided by the attorney"); *see also Neita v. Precision Pipeline Sols.*, No. 15-cv-

00649, 2018 WL 3151699, at *7 (E.D.N.Y. Feb. 26, 2018) ("Plaintiff's status as a pro se litigant does not relieve him of his obligation to adhere to all applicable procedural rules.").

In sum, plaintiff fails to present "highly convincing" evidence that the extraordinary relief of vacatur of a judgment is warranted. Accordingly, plaintiff's motion to vacate the Judgment must be denied. *Thai-Lao*, 864 F.3d at 182.

## II.    Motion to Reopen Time to Appeal

Plaintiff also requests that the Court reopen his time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). Mot. 5. The Court finds that plaintiff satisfies the three conditions under Rule 4(a)(6). First, plaintiff attests that he did not receive notice of the Court's Order—entered on October 14, 2025—until February 17, 2026 because it was mailed to his residential address while he was incarcerated. *See* Chambers Aff. ¶¶ 4–5, 8. The Court therefore finds that plaintiff "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry[.]" Fed. R. App. P. 4(a)(6)(A). Second, plaintiff attests that he filed the instant Motion the same day he became aware of the Order, which was within 180 days of its entry. *See* Chambers Aff. ¶ 8. The Court therefore finds that the Motion is timely pursuant to Rule 4(a)(6)(B). Third, the Court finds that no party would be prejudiced if the time to file an appeal were reopened. *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 441 (S.D.N.Y. 2003) ("The Advisory Committee Notes for Rule 4 define 'prejudice' for the purposes of Rule 4(a)(6) as some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal."). Accordingly, the Court finds that plaintiff meets the conditions of Rule 4(a)(6), which defendant does not meaningfully dispute. *See* Opp'n 10 ("Plaintiff's motion

for leave to reopen the time to appeal is timely made based on the alleged date he received notice of the [d]ismissal [o]rder, it should still be denied, as leave to reopen time to appeal is a matter within the Court's discretion.").

However, "that is not the end of the inquiry." *Diallo v. United States*, No. 13-cv-06147, 2014 WL 1744177, at *2 (S.D.N.Y. Apr. 28, 2014); *see WorldCom*, 708 F.3d at 335 ("[S]atisfaction of the three conditions of Rule 4(a)(6) is not the end of the matter."). A district court exceeds its discretion in granting a Rule 4(a)(6) motion when a litigant's "failure to receive notice [is] entirely and indefensibly a problem of its counsel's making." *Cantore v. City of New York*, 764 F. App'x 110, 112 (2d Cir. 2019) (summary order). The Second Circuit has explained that because "a neglectful litigant should [not] be able to sidestep the rigorous requirements of Rule 4(a)(5),"[5] a district court exercising discretion under Rule 4(a)(6) must, "at a minimum, . . . give substantial weight to indications that the failure of receipt was the litigant's fault." *WorldCom*, 708 F.3d at 338. Indeed, the Second Circuit has applied this principle to pro se litigants. *See Zavalidroga v. Cuomo*, 588 F. App'x 61, 62 (2d Cir. 2014) (summary order) ("Even when afforded special solicitude as a pro se litigant, [plaintiff] presents no convincing justification for his failure

---

[5] Federal Rule of Appellate Procedure 4(a)(5) provides that a district court may extend the time to file a notice of appeal if the party "so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires[.]". Fed. R. App. P. 4(a)(5)(A)(i). Rule 4(a)(5) "specifically permits the district court to grant extensions of time in cases of fault—where any neglect by the litigant is excusable." *WorldCom,* 708 F.3d at 337. However, the Second Circuit has explained that the timing limits of Rule 4(a)(5) "reflect a delicate policy balance[,] [n]o matter how excusable the neglect, the litigant may seek an extension under Rule 4(a)(5) only by motion made within thirty days of the original deadline for filing the notice of appeal. And we have taken a hard line when determining whether neglect is excusable under Rule 4(a)(5)." *Id*. at 337–38. The Second Circuit has thus reasoned that "a neglectful litigant should [not] be able to sidestep the rigorous requirements of Rule 4(a)(5) embodied in this balance simply because his neglect led also to the failure to receive notice of the judgment." *Id*. at 338.

to properly notify the [d]istrict [c]ourt of his myriad address changes, and we therefore conclude that the [d]istrict [c]ourt acted within its discretion when it denied his motion to reopen.").

The Court declines to exercise its discretion to grant plaintiff's Rule 4(a)(6) motion because he fails to present a "convincing justification" for his failure to apprise the Court of his address changes. *See id.* As set forth above, plaintiff was obliged to keep his address updated with the Court, even while incarcerated. *See Aponte*, 2007 WL 9723264, at *2. And although plaintiff provides a reason why he did not receive the Order, he fails to explain why he was unable to provide the Court with his updated addresses throughout the litigation. Indeed, nowhere in plaintiff's affirmation does he allege that he ever attempted to update his address with the Court. *See* Chambers Aff. And although plaintiff was allegedly transferred between different correctional facilities beginning in October 2025, his affirmation indicates that he was incarcerated at a single facility for at least three months while this case was pending, and still maintained only his residential address on the docket. *See* Chambers Aff. ¶¶ 2–4. The Court must give "substantial weight" to these "indications that the failure of receipt" of the Order was plaintiff's fault. *WorldCom,* 708 F.3d at 338. Moreover, as stated in the Order, any appeal "would not be taken in good faith." Order 9. *See Diallo*, 2014 1744177, at *2 (declining to reopen the time to file an appeal even where Rule 4(a)(6) conditions were satisfied in circumstances where the plaintiff's "claims [we]re frivolous"); *see also Powless v. Grose*, No. 95-cv-01575, 1996 WL 421195, at *1 (N.D.N.Y. July 18, 1996).

Accordingly, plaintiff's motion to reopen the time to appeal is denied. *See Zavalidroga*, 588 F. App'x at 62 ("Where the moving party is to blame for his failure to

12

receive notice of the judgment or order sought to be appealed, it is within the court's discretion to deny the motion.").

## CONCLUSION

For the reasons stated above, plaintiff's motion to vacate the judgment or, in the alternative, to reopen the time to appeal is **DENIED**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, denies plaintiff in forma pauperis status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

_/s/ Natasha C. Merle_
NATASHA C. MERLE
United States District Judge

Dated:      March 30, 2026
            Brooklyn, New York