UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KORAN CHAMBERS,<br><br>*Plaintiff,*<br><br>– against –<br><br>WENDY STYNES,<br><br>*Defendant.* | **ORDER**<br>25-cv-02524 (NCM) (CHK) |

**NATASHA C. MERLE**, United States District Judge:

On March 30, 2026, the Court issued an order denying plaintiff's motion to vacate or, in the alternative, to reopen the time to appeal. Mem. & Order on Mot. to Vacate ("Order") 8, ECF No. 16. Plaintiff timely moved for the Court to reconsider its decision. *See* Mem. of Law in Supp. of Pl.'s Mot. for Reconsideration ("Motion"), ECF No. 19-1. The Court assumes familiarity with the alleged facts and procedural history of this action. *See* Order 1–3.[1] For the reasons stated below, plaintiff's motion is **DENIED**.

A motion for reconsideration "is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).[2] The standard for reconsideration is "strict, and reconsideration will generally be denied" unless the moving party can (1) point to "factual matters or controlling decisions the court overlooked that might materially have influenced its earlier decision[,]" or (2) "demonstrate the need to correct a clear error or prevent manifest

---

[1]    Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

[2]    Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

injustice." *Cuthbert v. Town of E. Hampton N.Y.*, No. 18-cv-04796, 2021 WL 66289, at *3 (E.D.N.Y. Jan. 6, 2021). A motion for reconsideration can be granted in the event of "manifest error," but not in a case where a party "merely shows that [it] disagrees with th[e] Court's decision." *Garcia v. BAE Cleaners Inc.*, No. 10-cv-07804, 2012 WL 98511, at *1 (S.D.N.Y. Jan 11, 2012).

Plaintiff's motion is denied because each of his asserted grounds for reconsideration lack merit. First, plaintiff is mistaken in his assertion that the Court "overlooked [his] actual [Rule 60(b)] claim," which he characterizes as an "absence of meaningful opportunity to oppose defendant's . . . motion [to dismiss]." Mot. 2. On the contrary, the Court considered and rejected plaintiff's due process argument. *See* Order 8 ("Plaintiff asserts that the Judgment is 'void' because he lacked 'actual notice' of court filings due to his incarceration and custodial transfers. However, plaintiff concedes that Court filings "were mailed to [his] address of record[.] . . . Therefore, by plaintiff's own admission, the necessary notice required by due process was met here." (quoting Pl.'s Mot. to Vacate 4–5, ECF No. 12)).

Second, plaintiff's assertion that the Court "overlooked" the arguments raised in his motion to vacate briefing, Mot. 3–4, is unavailing because those arguments "could have been, but were not," made in response to defendant's pre-motion conference letter. *Rai v. WB Imico Lexington Fee, LLC*, No. 09-cv-9586, 2017 WL 4350567, at *3 (S.D.N.Y. June 28, 2017), *aff'd*, 719 F. App'x 90 (2d Cir. 2018); *see also In re Donald Sheldon & Co., Inc.*, 222 B.R. 690, 693 (S.D.N.Y. 1998), *aff'd*, 182 F.3d 899 (2d Cir. 1999) (rejecting effort

to raise "brand new argument" on Rule 60(b) motion).[3] More fundamentally, the Court *did* consider plaintiff's ministerial exception argument, i.e., that defendant is not entitled to judicial or quasi-judicial immunity because defendant's actions—"refus[ing] to accept filings"—are "ministerial administrative function[s] [rather than] judicial or quasi-judicial act[s]." Mot. 3. This Court, however, concluded that "[m]anaging docketing and filing activity are plainly judicial in nature and an integral part of the judicial process" and that, accordingly, defendant is "entitled to quasi-judicial immunity." *Chambers v. Stynes*, No. 25-cv-02524, 2025 WL 2917109, at *3 (E.D.N.Y. Oct. 14, 2025) (collecting cases).[4]

Finally, plaintiff's contention that this Court's Order contains "an unresolved tension regarding notice," Mot. 5, confuses notice as a function of procedural due process and notice as a practical matter. Due process requires "steps reasonably calculated to provide actual notice, not that the notice actually reach the recipient." *Oneida Indian Nation v. Madison County*, 665 F.3d 408, 429 (2d Cir. 2011). Therefore, a party can

---

[3]    Courts within the Second Circuit recognize that "a district court may construe a pre-motion conference letter as a motion itself." *Fashion Exch. LLC v. Hybrid Promotions, LLC*, No. 14-cv-01254, 2021 WL 1172265, at *2 (S.D.N.Y. Mar. 29, 2021); *see also Ravikant v. Alukal*, No. 21-cv04758, 2022 WL 2185218, at *2 (S.D.N.Y. May 19, 2022) ("[A] district court may construe a pre-motion conference letter as a motion itself. In determining whether a [c]ourt properly construed letters as a motion, courts consider whether the parties' filings are sufficiently detailed and whether the parties have had an opportunity to be heard."); *cf. Marsalisi v. N.Y.C. Dist. Council of Carpenters & Joiners of Am.*, No. 22-1097, 2023 WL 176958, at *1 (2d Cir. Jan. 13, 2023) (summary order) ("Because the district court did not give notice to the parties that it was considering dismissal based on the pre-motion letters, it erred.").

[4]    To be sure, defendant is also entitled to sovereign immunity. *Chambers*, 2025 WL 2917109, at *3 ("The New York State Unified Court System is unquestionably an arm of the State . . . . [and] for purposes of sovereign immunity, state agents include state court judges and personnel. . . . "[P]laintiff's claims are premised on defendant's actions taken pursuant to her official duties, namely, her alleged mismanagement of plaintiff's application for reargument. Therefore, defendant is protected by sovereign immunity[.]")

receive notice sufficient to satisfy their due process rights without *actually* receiving notice. That is what happened here. The Court's Order was mailed to plaintiff's address of record but, because he "fail[ed] to apprise the Court of his address changes," he did not receive the Order until several months later. Order 12.

In sum, plaintiff has not articulated any reason sufficient to warrant reconsideration of the Court's Order.

### CONCLUSION

Because plaintiff's asserted bases for reconsideration point neither to "factual matters . . . the court overlooked" nor "demonstrate the need to correct a clear error or prevent manifest injustice," *Cuthbert*, 2021 WL 66289, at *3, plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED.**

   */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated: April 16, 2026
Brooklyn, New York